JOSEPH T. PARAMORE, APPELLANT, *v.* HARRY K. BROWN, COUNTY CLERK OF WASHOE COUNTY, STATE OF NEVADA, RESPONDENT.

No. 5579

December 30, 1968                    448 P.2d 699

*Martillaro and Bucchianeri,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City, *William J. Raggio,* District Attorney, and *Paul F. Hamilton,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

The Reverend Paramore commenced a mandamus proceeding in the district court to force the Washoe County Clerk to issue him a certificate of permission to perform marriages. The Clerk had declined to do so since he was not satisfied that the Reverend met the statutory standard for certification. In the district court, the Reverend contended that the statute

governing certification is unconstitutional. Alternatively, he urged that the Clerk overstepped his authority when he refused certification. That court ruled against the Reverend on each point and sustained the Clerk's determination. This appeal followed.

1. The particular statute with which we are concerned, NRS 122.064(3), directs the county clerk to satisfy himself that the applicant's ministry is primarily one of service to his congregation or denomination, and that his performance of marriages will be incidental to such service.

The constitutional challenge rests upon two grounds. First, that the statute violates Nevada Const. art. 4, § 21, requiring that all laws (with certain exceptions) shall be general and of uniform operation throughout the state. Second, that the statutory standard expressed is unconstitutionally vague. Neither challenge has substance.

The statute is a general law which operates alike on all county clerks in all counties, and on all ministers seeking certificates of permission to marry. It is not a special law having application only to an individual or a number of individuals selected out of the class of persons to which the statute is directed. State v. California Mining Co., 15 Nev. 234 (1880). The fact that county clerks may exercise their discretion in different ways does not convert the statute into a special law. These discretionary rulings are subject to court review [NRS 122.071] for abuse, as are most administrative determinations.

The Reverend's void for vagueness argument is directed to the use of the word "incidental." It is his contention that the word "incidental" without more, offers no meaningful guide to the county clerks, with the result that they may exercise discretion without discernible limitations. The contention is not accurate since the statute itself confines the meaning to be accorded that word. It provides that the county clerk shall satisfy himself that "the applicant's ministry is primarily one of service to his congregation or denomination, and that his performance of marriages will be incidental to such service * * *."

The minister's primary function is specified—service to his congregation or denomination; and the performance of marriages must be incidental to that service. It follows that the minister's performance of marriages must advance the spiritual or financial needs of his church or faith if such activity is to be

incidental to the primary function of church service. As thus circumscribed the word carries a clear meaning and the statutory standard for certification may be applied without difficulty.

2. Reverend Paramore is part owner of the Golden Wedding Chapel in Reno, and pastor of the Church of the Living God in Sparks, some four miles away. The factual determination to be made by the County Clerk in this case is whether the applicant's performance of marriages at the Golden Wedding Chapel promote the spiritual or financial needs of his church in Sparks. That information was not secured. Indeed, the County Clerk stated that the only information he sought from the minister was "What church he represented, when they held services, where it was located, and how many members were in the congregation." That data was supplied. However, inquiry was not made about the nature of the applicant's services to his congregation; the time spent in rendering those services; where the marriages were to be performed; whether the major portion of his income was secured from his wedding chapel business or from his church; his arrangement with co-owners of the wedding chapel for his services as a minister and the identity of the co-owners; and other information possessing relevence to the statutory standard to be applied, and not limited to the above specifics. Absent such information, the County Clerk was not in a position to decide whether Reverend Paramore met the statutory standard for certification.

Accordingly, we affirm the determination of the district court that the statute here under consideration is constitutional. We reverse the determination that the County Clerk was possessed of sufficient information upon which to exercise his discretion and that he acted within the permissible limits of his discretion, and remand this matter to the Clerk for further consideration and decision thereon consistent with the views herein expressed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.